IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Pamela Brewton, | ) | No. 7:25-cv-05519-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BMW Manufacturing Co., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss. ECF No. 15. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's Motion to Dismiss be denied. ECF No. 20. Defendant filed an objection to the Report, and Plaintiff filed a reply. ECF Nos. 21 and 22.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[1] Plaintiff asserts that she was discriminated against and subjected to a hostile work environment because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ECF No. 12 at 2, 11. For the reasons stated below, the Court agrees with the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss should be denied. Because Defendant has filed objections to the Report, the Court's review has been de novo.

### *Hostile Work Environment*

The Magistrate Judge recommends denial of Defendant's Motion to Dismiss because Plaintiff's Amended Complaint alleges facts sufficient to state a claim for discrimination based on a hostile work environment. ECF No. 20 at 12. Specifically, the Magistrate Judge found Plaintiff sufficiently alleges both severe and pervasive conduct

---

[1] Both parties cite to *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003), a relevant Fourth Circuit case that has been omitted by the Magistrate Judge. *See* ECF Nos. 15-1 and 22. Although the Magistrate Judge has omitted *Bass* from the Report, his statement of law is consistent with that case. Therefore, the Court adopts his statement of the law, noting it is consistent with governing Fourth Circuit authority on the issue.

2

and a correlation between the alleged harassment and Plaintiff's race and gender.[2]  *Id.* at 9, 11.  Defendant objects to the Magistrate Judge's recommendation as to both elements.  ECF No. 21 at 1.

At the motion to dismiss stage, a plaintiff must plausibly allege facts sufficient to support all four elements of a hostile work environment claim— (1) unwelcome conduct, (2) grounded in gender or race, (3) severity or pervasiveness, and (4) a basis for imposing liability.  *See Bass*, 324 F.3d at 765.

<u>*Severe and Pervasive Conduct*</u>

In finding Plaintiff sufficiently alleged severe and pervasive conduct, the Report distinguishes the cases cited in Defendant's Motion to Dismiss.[3]  ECF No. 20 at 9-10. The Magistrate Judge highlighted the specific factual allegations of uninterrupted harassment that were allegedly observed and corroborated by third parties.  *Id.*  Further, the Report stated that Plaintiff's allegations were of an elevated nature in comparison to the allegations in the cases cited by Defendant.  *Id.*

Defendant objects and argues that the Report fails to state the specific allegations from Plaintiff's Amended Complaint that distinguishes this case from Defendant's cited cases.  ECF No. 21 at 4-5.  Specifically, Defendant contends Plaintiff's Amended Complaint closely resembles the cases cited in its Motion to Dismiss because of the

---

[2] The Magistrate Judge notes that no argument has been raised as to the first and fourth elements—that the conduct was unwelcome and that Defendant has a basis for liability—and considered them uncontested.  As no objection has been filed as to this interpretation, the Court will also consider them to be uncontested.

[3] Defendant cites to *Holloway v. Maryland*, 32 F.4th 293 (4th Cir. 2022), and *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217 (4th Cir. 2013), to support the contention that Plaintiff fails to allege severe and pervasive conduct.

absence of allegations of elevated or egregious behavior. *Id.* Defendant also argues the cases cited by the Report in favor of denial of its Motion to Dismiss are either distinguishable or improperly used. *Id.* at 6–7.

Upon review, the Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint plausibly alleges severe and pervasive conduct. Plaintiff has plausibly alleged conduct that rises above the conclusory and generally insufficient allegations in the cases cited by Defendant. In *Holloway*, the Fourth Circuit found the plaintiff's allegations of scheduling meetings prior to the plaintiff's start time, criticizing his performance, and yelling at him during a meeting were not sufficiently severe or pervasive to constitute a hostile work environment. 32 F.4th at 301. Similarly, in *Buchhagen*, the Fourth Circuit found the plaintiff's allegations of snide comments, mocking behavior, and harping on mistakes to be conclusory and otherwise insufficient to establish an abusive environment. 545 F. App'x at 219. Plaintiff's allegations, unlike those in *Holloway* or *Buchhagen*, go beyond evaluation or criticism of Plaintiff's performance and allege specific instances of conduct that directly affected Plaintiff's workplace environment and physical health.

As the Magistrate Judge found, Plaintiff alleges uninterrupted discriminatory conduct over the course of her employment under the allegedly discriminatory coworker.[4] Additionally, Plaintiff's allegations were of an elevated nature because they included specific instances of allegations against Plaintiff that were proven to be false and had a negative impact on Plaintiff's work performance. For example, Plaintiff alleged that the coworker at issue falsely accused her of causing an important performance indicator to

---

[4] Defendant's argument that the seven-month gap between specific instances or meetings prevents the alleged discriminatory conduct from being pervasive fails to consider the other allegations of harassment that occurred during those seven months.

4

go red.  The Amended Complaint alleges the coworker knew the accusation to be untrue and caused Plaintiff to be questioned by her supervisor about the accusation that was later confirmed to be false.  Additionally, this discriminatory conduct persisted even after it was witnessed and acknowledged by third parties, including one of Plaintiff's managers. As explained in more detail by the Magistrate Judge, Defendant's alleged failure to address the alleged enmity toward Plaintiff reasonably could be expected to negatively affect Plaintiff's workplace environment.  Moreover, Plaintiff has alleged that she felt threatened at times and that the alleged harassment affected her physically.  Thus, the Court agrees with the Magistrate Judge that Plaintiff has plausibly alleged severe and pervasive conduct.

### Correlation Between Harassment and Protected Status

The Magistrate Judge also found Plaintiff plausibly established a relationship between the allegations of harassment and Plaintiff's race and gender.  The Magistrate Judge noted that the law allows for an inference that harassment was motivated by race or gender where there are allegations that a plaintiff was treated differently or suffered more harassment than others in the workplace.

Defendant objects and argues the case relied on by the Magistrate Judge, *McIver v. Bridgestone Americas*, *Inc.*, 42 F.4th 398, 409 (4th Cir. 2022), only stated the rule in dicta and has no impact on the sufficiency of allegations in Plaintiff's Amended Complaint. Defendant further argues the Magistrate Judge could not make such an inference because Plaintiff's Amended Complaint does not contain anything about the co-worker's treatment of others in the workplace.

Here, the Court agrees with the Magistrate Judge and finds that Plaintiff has alleged facts that plausibly demonstrate that the harassment was correlated to Plaintiff's race and sex. When taken together, Plaintiff's allegations of exclusion from team activities, disparaging comments about other black females in the workplace, and acknowledgement by supervisors of the coworker's discriminatory behavior, create an inference that the harassment was connected to Plaintiff's race and sex. *See Aly V. Yellen,* C/A No. 8:23-cv-01699-AAQ, 2024 WL 2053492, at \*11 (D. Md. May 9, 2024) (holding allegations of differential treatment than her American-born colleagues allowed the court to plausibly infer correlation between the harassment and plaintiff's national origin). The allegations of exclusion from team activities demonstrate that Plaintiff was treated differently than others in her workplace. Further, the allegations of disparaging comments about other black females in the workplace and the acknowledgement by supervision of the discriminatory behavior allow for the inference that the difference in treatment was based on Plaintiff's race or sex.

This Court overrules Defendant's objection that the rule laid out in *McIver* was only stated in dicta. In that case, the Fourth Circuit stated and applied the rule that a court may infer harassment is based on race where there is disparate treatment or the conduct is of a kind likely to be motivated on race. 42 F.4th at 409. The fact that the Court found a jury could not infer the harassment in that case was based on race does not diminish the strength of the rule laid out. *See id.* at 409–12 (holding a jury has no basis to infer the harassment was based on race from allegations of tampering at the hands of an unidentified culprit and pointing to previous instances of racial discrimination that occurred over five years ago). Further, Plaintiff's allegations are distinguishable from those in

6

*McIver* because Plaintiff identifies a culprit for the harassment and describes in detail both specific instances of harassment and general ongoing behaviors that she personally experienced.  Thus, the Court agrees with the Magistrate Judge that a correlation between race or sex and the alleged harassment may be plausibly inferred from Plaintiff's Amended Complaint.

**<u>CONCLUSION</u>**

Accordingly, upon review, the Court agrees with the recommendation of the Magistrate Judge.  Defendant's Motion to Dismiss [15] is DENIED.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 9, 2026
Spartanburg, South Carolina